**Motion Granted; Order of March 5, 2020 Withdrawn; Vacated and Remanded and Memorandum Opinion filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00048-CV

---

**ASHLEY THOMAS, Appellant**

**V.**

**DM ARBOR COURT, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1119150**

---

## MEMORANDUM OPINION

This is an appeal from a judgment signed February 20, 2019. On February 21, 2020, Appellant, Ashley Thomas, and Appellee, DM Arbor Court, filed a joint motion for entry of agreed order, asserting they "agreed to a settlement of this appeal" pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)(A) and (B). The parties asked this court to "render judgment effectuating the parties' agreement that the trial court's judgment be set aside and vacated without regard to the merits and

the case be remanded for filing of a notice of nonsuit with prejudice in accordance with the parties' agreement."

However, under the Rules of Appellate Procedure, this Court cannot both render judgment effectuating the parties' agreement and remand the case with instructions to the trial court. *See* Tex. R. App. P. 42.1(a)(2). Instead, Rule 42.1(a)(2) provides:

> (a) *On Motion or By Agreement.* The appellate court may dispose of an appeal as follows: . . .
>
> (2) By Agreement. In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, the court may:
>
> (A) render judgment effectuating the parties' agreement;
>
> (B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or
>
> (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement.

*Id.*

We issued an order granting the parties' joint motion pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)(C) and abated the appeal to permit proceedings in the trial court, *i.e.* "the filing of a notice of nonsuit with prejudice", to effectuate the parties' agreement. *See* Tex. R. App. P. 42.1(a)(2)(C). Thomas filed an unopposed motion for rehearing and entry of agreed order, requesting we "amend" our March 5, 2020 order. In her motion, Thomas states "[t]he requested amendment is for this Court to render judgment effectuating the parties' agreement that the trial court's judgment be set aside and vacated without regard to the merits and the case be remanded for the entry of a judgment in accordance with the parties' agreement." Thomas also states that she "moves for the amended Order to set aside and vacate the trial court judgment without regard to the merits and

2

remand the case to the trial court for rendition of a judgment in accordance with the settlement agreement."

Based on the content of the parties' motions and because this Court cannot both render judgment effectuating the parties' agreement and remand the case with instructions to the trial court, we construe the motions as requesting that we set aside the trial court's judgment without regard to the merits and remand the case for rendition of judgment in accordance with the parties' agreement. *See* Tex. R. App. P. 42.1(a)(2)(B). As so construed, we grant the motion for rehearing and motion for entry of agreed order, set aside the trial court judgment without regard to the merits, and remand this cause to the trial court for further proceedings. *See id.*

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.